IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICIA SMITH, individually and as Class Representative for all others similarly situated, ) ) ) ) | |
| ) | CIVIL ACTION NUMBER: |
| Plaintiff, ) v. ) ) | 3:14-cv-130-TCB-RGV |
| CAVALRY SPV I, LLC; ) and ) FREDERICK J. HANNA ) & ASSOCIATES, P.C., ) ) | **CLASS ACTION** **JURY TRIAL DEMANDED** |
| Defendants. ) ) | |

### COMPLAINT FOR DAMAGES IN CLASS ACTION

COMES NOW, Plaintiff Patricia Smith, individually and as Class Representative for all others similarly situated, and files this, his Complaint for Damages in Class Action against Cavalry SPV I, LLC (hereinafter "Cavalry") and Frederick J. Hanna & Associates, P.C. (hereinafter "Hanna") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA") and shows this Honorable Court the following:

### THE PARTIES, JURISDICTION AND VENUE

1.

Plaintiff is a domiciliary of the State of Georgia and of Fayette County and

submits to the personal jurisdiction of this Court by filing her Complaint in this judicial district.

2.

Plaintiff is a "consumer" as that term is defined by the FDCPA.

3.

Defendant Cavalry is a Delaware limited liability company with its principal place of business at 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595.

4.

Defendant Cavalry is registered with the Georgia Secretary of State and maintains its registered office at Corporation Service Company, 1201 Peachtree St., N.E., Atlanta, Georgia, Fulton County, Georgia 30361 and may be served with Summons and a copy of this Complaint at this address.

5.

Defendant Cavalry is in the business of taking title or claiming to take title to charged-off debts allegedly owed by consumers and originally owed to others.

6.

Defendant Cavalry then seeks to enforce the debts against the consumers through lawsuits.

7.

Defendant Cavalry uses the mails and telephone systems to conduct its debt collection business.

8.

Defendant Cavalry is a "debt collector" as defined in the FDCPA.

9.

Defendant Hanna is a debt collection law firm duly registered with the Georgia Secretary of State, with its principal place of business at 2253 Northwest Parkway, Marietta, Cobb County, Georgia 30067 and is subject to the personal jurisdiction of this Court.

10.

At all times relevant to Plaintiff herein, Defendant Hanna was the attorney of record for Defendant Cavalry to collect a debt from Plaintiff.

11.

Defendant Hanna is a "debt collector" as that term is defined by the FDCPA.

12.

Defendant Hanna uses the mails and telephone system to conduct its debt collection business.

13.

Defendant Hanna maintains its registered office at 2253 Northwest Parkway, Marietta, Cobb County, Georgia 30067 and may be served with the Plaintiff's Summons and Complaint for Damages in Class Action at this address.

14.

This Court has subject matter jurisdiction as this matter is filed pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

15.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

### FAIR DEBT COLLECTION PRACTICES ACT

16.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

17.

Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

18.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

19.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

20.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000, and attorney's fees as determined by the Court and costs of the action. 15 U.S.C. § 1692k.

## FACTUAL ALLEGATIONS

21.

Plaintiff incurred a debt with Beneficial Georgia, Inc. (the "Original Creditor").

22.

Plaintiff incurred the debt for personal, family or household purposes and not for business purposes.

23.

Plaintiff defaulted on the debt.

24.

Defendant Cavalry allegedly purchased the debt.

25.

Defendant Cavalry attempted to collect the alleged debt from Plaintiff.

26.

Defendant Cavalry hired Defendant Hanna to collect on the alleged debt.

27.

Plaintiff was the object of a debt collection lawsuit ("Lawsuit") filed by Defendant Hanna, on behalf of Cavalry, as an alleged assignee of "HSBC Consumer Lending USA, Inc. Beneficial" on August 14, 2013, in Fayette County

Superior Court, Georgia, Civil Action File No. 2013-V-0766.

28.

A true and correct copy of the Lawsuit is attached hereto as Exhibit "A," except that Plaintiff's address and account number have been redacted.

29.

Plaintiff filed her Answer on or about September 23, 2013.

30.

The second page of the alleged Loan Repayment Agreement attached to the Lawsuit states, in part: "Default   If you do not pay on time, if permitted in the event of default, we may sue you for unpaid balance and accrued interest plus or reasonable attorney fees, not to exceed 15% of the unpaid balance, and court costs determined by the courts."

31.

On August 14, 2013, date that Defendants filed the Lawsuit, Defendants claimed that Plaintiff was indebted for "a principal sum of $14,582.68, attorney fees of $2,187.40, interest of $11,969.05, and court cost of $257.50."

32.

The aforesaid amounts claimed by Defendants total $28,996.63.

33.

Plaintiff was not indebted to Defendant in the amount of $28,996.63 on the date that Defendants filed the Lawsuit.

34.

The amount of reasonable attorney's fees incurred by Defendant Cavalry at the time of the filing of the Lawsuit was not $2,187.40.28.

35.

The amount of attorney's fees claimed in Defendants' Lawsuit is false.

36.

Defendants have not provided an accounting of principal and interest claimed due in the Lawsuit.

36.

Plaintiff reasonably believes that amounts of principal and interest claimed due in the Lawsuit are incorrect.

37.

On or about August 27, 2013, Defendant Hanna mailed Plaintiff a collection letter that stated Plaintiff owed Defendant Calvary $29,226.21 (hereinafter the "Aug. 27th Letter").

38.

On or about August 27, 2013, Plaintiff was not indebted to Defendant Calvary in the amount of $29,226.21.

**DEFENDANTS' PRACTICE**

39.

Defendants collect or attempt to collect attorney's fees not allowed by law.

40.

Defendants collect or attempt to collect more attorney's fees than Defendant Cavalry actually expended.

41.

Defendants collect or attempt to collect more principal and interest than they are entitled to by contract or law.

42.

Defendants misrepresented the amounts owed to Defendant Cavalry at the time that Lawsuit was filed.

**CLASS ACTION ALLEGATIONS**

43.

This action is brought by Plaintiff individually and as a class action under

the provisions of Fed. R. Civ. P. 23 for damages pursuant to the FDCPA.

44.

The class of plaintiffs for whose benefit the named Plaintiff brings this action is defined as follows:

> All persons while residing in the State of Georgia from whom Defendants have collected or have attempted to collect during the one year period prior to the filing of this action, attorney's fees, principal and/or interest in excess of what it is permitted by contract or law, in connection with attempts to collect consumer debts incurred for personal, family, or household purposes.

45.

On information and belief, Defendants have a pattern and practice of seeking attorney's fees, principal and/or interest in excess of what is permitted by contract or law, in connection with attempts to collet consumer debts incurred for personal, family, or household purposes.

46.

The names and addresses of the Plaintiff Class Members can readily be determined through the records of Defendant Hanna.

47.

The amounts collected or attempted to be collected can be readily determined from a ministerial review of Defendants' accounting records.

48.

The membership of the class is numerous and joinder of individual plaintiffs is impractical. On information and belief, the pattern and practice of Defendants has taken place for over a year prior to today.

49.

There are questions of law and fact common to all members of the Class, and these common questions of law and fact predominate over any individual issues. The principle questions pertinent to the classes as a whole include:

    a) Whether Defendants have collected or attempted to collect attorney's fees, principal and/or interest in excess of amounts allowed by law or contract;

    b) Whether Defendants' actions attempting to collect attorney's fees, principal and/or interest in excess of amounts allowed by law or contract violated the FDCPA;

    c) The appropriate measure of damages and the appropriate remedies;

    d) Defenses raised by Defendants; and

    e) The availability of statutory and actual damages pursuant to the FDCPA.

50.

The claims of the named Plaintiff are typical of the claims of the members of the plaintiff class, which all arise from the same operative facts and are based on the same legal theory, and Plaintiff's claims will thus adequately represent those of the Plaintiff Class Members.

51.

The named Plaintiff will fairly and adequately protect the interest of the Plaintiff Class Members.  Plaintiff has retained counsel with experience in class action and FDCPA litigation, and they are not aware of any interest that might cause them not to vigorously pursue this case.

52.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder is impracticable.  The expense and burden of individual litigation make it virtually impossible for the members of the class to proceed individually, and it is therefore most efficient to resolve all claims based on the conduct of Defendant Hanna and Defendant Cavalry in one forum.  It is especially the case in a FDCPA action, as Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

53.

Plaintiff is aware of no difficulties that will be encountered in the management of this litigation that would render the action unmanageable. This is not a class action that will require an analysis of Defendants' conduct as to individual class members.

54.

Plaintiff's and Plaintiff Class Members' claims against Defendants are based on Defendants' general practice of collecting or attempting to collect attorney's fees, principal, and interest in excess of what is permitted by law or contract. Defendants knowingly engage in this routine, standard practice, and their practice does not vary among members of the proposed plaintiff class. The amounts that Defendants attempted to collect or collected in violation of law or contract can be readily determined from Defendants' business records, and specifically from the account notes and accounting records generated by Defendants for each person while residing in the State of Georgia.

55.

Prosecution of separate actions by individual members of the plaintiff class would create adjudications that would be dispositive of the interests of the other members not parties to the adjudications.

56.

Without a class action mechanism, members of the plaintiff class would be substantially impaired or impeded in their ability to protect their interests. The value of claims of the individual class members would be in an amount that makes prosecution outside of the class action uneconomical.

57.

The claims of Plaintiff and Plaintiff Class Members are meritorious. The named Plaintiff believes she will prevail on the merits based upon the clear, unambiguous statutory provisions.

58.

A final judgment on the merits of the named Plaintiff's claims would be fully dispositive of the claims and interests of those similarly situated who are not specifically named as a plaintiff in this action.

**VIOLATIONS OF THE FDCPA**

59.

Plaintiff re-alleges all preceding paragraphs as if fully re-stated herein, and further shows this Court the following:

60.

The conduct of Defendants violated numerous and multiple provisions of the

FDCPA, including but not limited to provisions cited herein.

61.

Defendant Cavalry by and through its counsel of record, Defendant Hanna; and Defendants, by and through their agents and employees, and their policies and procedures, have violated the FDCPA which has caused damage to Plaintiff and the Class Members.

62.

15 U.S.C. § 1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

63.

15 U.S.C. § 1692e(2)(A) prohibits the false representation of the amount or legal status of any debt.

64.

The Defendants falsely represented the character, amount, and/or legal status of the alleged debt, violating 15 U.S.C. § 1692e(2)(A).

65.

15 U.S.C. § 1692e(2)(B) prohibits the false representation of "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."

66.

The Defendants falsely represented the services Defendant Hanna rendered and the compensation which Defendants were lawfully entitled to receive for the collection of the alleged debt.

67.

15 U.S.C. § 1692e(10) prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

68.

The Defendants falsely represented and/or used deceptive means to collect or attempt to collect consumer debts in violation of 15 U.S.C. § 1692e(10) by filing false representations of the amounts actually incurred as legal fees, principal and/or interest in the Lawsuit.  See Exhibit "A."

69.

15 U.S.C. § 1692f(1) prohibits "the collection of any amount (including interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

70.

Defendants violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect legal fees, principal and/or interest in excess of the amounts permitted by law or contract from Plaintiff and the Class Members.

71.

The foregoing acts and omissions of Defendants violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), and 1692f(1), for which Plaintiff and the Class Members are entitled to relief.

**WHEREFORE**, Plaintiff being entitled to a trial by jury and judgment against Defendants, prays for the following:

  a) That this Court issue an order certifying that the action may be maintained as a class action as to Class Members as stated above;

  b) That the named Plaintiff Patricia Smith be designated as class representative for the Class Members;

  c) That counsel of record herein be designated as class counsel for Class Members as defined in this Complaint or by this Court;

  d) That Plaintiff and the Class Members be granted statutory damages pursuant to the FDCPA;

e) That all monies referred to herein which relate to the Class Members be paid into a common fund for the benefit of the Class Members, less an incentive award, litigation expenses and attorneys' fees;

f) That this Court issue an order granting Plaintiff her expenses incurred in bringing and prosecuting this action, including attorneys' fees, expert fees and costs;

g) That pre- and post-judgment interest be granted, if applicable;

h) That this Court conduct a "fairness hearing," after due and proper notice to all the Class Members, and make such award of attorneys' fees, litigation expenses and an incentive award for the named Plaintiff as the Court deems appropriate from the common fund (as referenced above) and/or from the Defendant;

i) That a trial by jury be had; and

j) That this Court grant such other and further relief as it may deem just, necessary or appropriate.

Respectfully submitted, this 14th day of August, 2014.

                    THE KOVAL FIRM, LLC

                    s/ Steven H. Koval
                    By: Steven H. Koval
                    Georgia Bar No. 428905

3575 Piedmont Road
Building 15, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
steve@kovalfirm.com

        HURT STOLZ, P.C.

        s/ James W. Hurt, Jr.
        By:  James W. Hurt, Jr.
        Georgia Bar No.:  380104

345 West Hancock Avenue
Athens, Georgia 30601
Telephone: (706) 395-2750
Facsimile:  (866) 766-9245
jhurt@hurtstolz.com

        **ATTORNEYS FOR PLAINTIFF**